# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued December 12, 2018       Decided March 5, 2019

No. 18-1102

JEFFREY O. SIEGEL,
PETITIONER

v.

ADMINISTRATOR OF THE FEDERAL AVIATION ADMINISTRATION
AND NATIONAL TRANSPORTATION SAFETY BOARD,
RESPONDENTS

———

On Petition for Review of an Order of
the National Transportation Safety Board

———

*Gregory S. Winton* argued the cause and filed the briefs for petitioner.

*Sarah Carroll*, Attorney, U.S. Department of Justice, argued the cause for respondents. With her on the brief were *Mark B. Stern*, Attorney, and *Christopher Stevenson*, Senior Attorney, Federal Aviation Administration.

Before: SRINIVASAN and KATSAS, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Law enforcement officers responding to an airplane crash discovered THC-infused chocolate bars onboard. The pilot, Jeffrey Siegel, admitted that they were his. In this petition, Siegel claims that the Federal Aviation Administration's decision to revoke his pilot's certificate for knowingly operating an aircraft with narcotics onboard was arbitrary and capricious. We disagree and deny the petition.

## I.    Legal Background

The Administrator of the Federal Aviation Administration (FAA), by statute, has the authority to prescribe regulations for "practices, methods, and procedure[s] the Administrator finds necessary for safety in air commerce and national security." 49 U.S.C. § 44701(a)(5). The Administrator also has the authority to issue pilot certificates to those he finds "qualified" to operate aircraft. 49 U.S.C. § 44703(a). The Administrator may suspend or revoke a certificate if he "decides . . . that safety in air commerce or air transportation and the public interest require that action." 49 U.S.C. § 44709(b)(1)(A).

Under the authority granted by these provisions, the FAA promulgated a regulation prohibiting any person from operating a civil aircraft within the United States with knowledge that a controlled substance, including marijuana, is on board. 14 C.F.R. § 91.19. Under published FAA enforcement guidance, violation of 14 C.F.R. § 91.19 generally warrants revocation of a pilot's certificate. FAA Order 2150.3B at 7-22. Pilots subject to a revocation may

reapply for a new certificate one year after the revocation date. 14 C.F.R. § 61.13(d)(2).

## II. Factual Background

On October 1, 2016, Jeffrey Siegel crash-landed his airplane on a road in Kansas due to an engine malfunction. Kansas State Troopers responded. While Siegel and his passenger were taken to the hospital with minor injuries, the troopers conducted a routine inventory of the aircraft's contents. During the inventory, Trooper Lucas Wagner found three chocolate bars infused with tetrahydrocannabinol (THC, the psychoactive agent in marijuana) in Siegel's briefcase. The packaging on the bars identified them as containing THC. Trooper Wagner asked Siegel about the bars at the hospital and testified that Siegel claimed ownership. Testing by the Kansas Bureau of Investigation confirmed the presence of THC. Siegel was charged with misdemeanor simple possession of marijuana under K.S.A. § 21-5706(b)(3), but the charge was later dismissed.

## III. Procedural Background

On February 7, 2018, following an investigation into the October 2016 incident, the Acting Administrator of the FAA issued an emergency order revoking Siegel's private pilot certificate. In the order, the FAA found that Siegel operated an aircraft with knowledge that marijuana was on board, in violation of 14 C.F.R. § 91.19. The order invoked the Acting Administrator's authority under 49 U.S.C. § 44709 to determine that "safety in air . . . transportation" required revocation of the certificate.

Siegel sought review of the FAA's order by the National Transportation Safety Board (NTSB). On March 13, 2018, a

hearing on the merits of his case was held before an administrative law judge (ALJ) of the NTSB. At the hearing, the FAA presented several witnesses. Trooper Wagner testified that he responded to the accident, located the chocolate bars, and asked Siegel about them at the hospital. He testified that Siegel told him that the bars were "all his" and that he "was hoping that [the police] wouldn't have found it." Kelly Daniel, a forensic scientist with the Kansas Bureau of Investigation, testified that she tested the bars and that they contained THC. Finally, Manny Martinez, a special agent for the FAA, testified that based on his review of the police report and Siegel's admission to Trooper Wagner in the hospital, he concluded that Siegel had knowingly transported controlled substances on his aircraft in violation of 14 C.F.R. § 91.19. In defense, Siegel testified and presented one witness, Bethany Brandstetter, Siegel's passenger at the time of the accident and now wife. She testified that she placed the bars in Siegel's briefcase without his knowledge a month or two prior to the flight. In contradiction to his statement at the hospital, Siegel testified that he did not know the bars were on the aircraft.

At the close of evidence, the ALJ issued an oral ruling. He found that the testimony of Siegel and his passenger was not credible and that Siegel "was aware that the marijuana was on board the aircraft." Accordingly, the ALJ concluded that Siegel violated 14 C.F.R. § 91.19. Notwithstanding the violation, the ALJ reduced the sanction from revocation to a ninety-day suspension. To support this decision, the ALJ relied on the fact that the marijuana was purchased legally in Colorado, was of a small quantity, and was not being transported for commercial purposes.

Siegel and the FAA cross-appealed the ruling of the ALJ to the full NTSB. *Administrator v. Siegel*, NTSB Order No. EA-5838 (April 11, 2018). Siegel challenged the finding that

he violated 14 C.F.R. § 91.19, while the FAA challenged the reduced sanction. The Board affirmed the ALJ's finding that Siegel knowingly transported a controlled substance in violation of 14 C.F.R. § 91.19. However, it vacated the ALJ's reduced sanction and reinstated the revocation. The Board considered the ALJ's findings that the small amount of marijuana was purchased legally in Colorado and was not transported for a commercial purpose. It concluded that these facts did not mitigate against the FAA's choice of sanction, because marijuana is illegal under Federal law and because a violation of 14 C.F.R. § 91.19 is predicated on the ***knowledge*** of the drugs aboard, not the quantity. Furthermore, it noted that a commercial purpose is not required to show a violation.

Siegel timely petitioned this Court for review. We have jurisdiction to review final orders of the NTSB pursuant to 49 U.S.C. § 1153.

## IV. Analysis

In this petition, Siegel raises a single issue: whether the sanction of revocation was improper. He does not dispute the NTSB's finding that he violated 14 C.F.R. § 91.19.

We review final actions of the NTSB under the Administrative Procedure Act. 5 U.S.C. § 701 *et seq.* "Our review of the NTSB order is limited to determining whether the Board's decision is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Taylor v. Huerta*, 723 F.3d 210, 213 (D.C. Cir. 2013) (citations and internal quotation marks omitted). "Findings of fact by the Board, if supported by substantial evidence, are conclusive." 49 U.S.C. § 1153(b)(3).

Siegel asserts two main arguments that the revocation of his certificate was imposed arbitrarily, capriciously, and not in accordance with the law. Neither succeeds.

First, Siegel argues that the NTSB imposed the sanction without adequately articulating its reasoning. Primarily, he faults the NTSB for failing to consider "mitigating factors," such as: the small quantity of drugs on his aircraft; that they were purchased legally in Colorado; that they were not transported for a commercial purpose; and that they were brought on board "inadvertent[ly]."

This argument is factually incorrect. The Board explicitly considered these purported "mitigating factors," but simply did not agree that they warranted a lighter sanction. NTSB Order No. EA-5838 at *9. The Board concluded that knowingly transporting illegal narcotics on an aircraft, regardless of quantity or purpose, falls within the scope of 14 C.F.R. § 91.19 and is grounds for a certificate revocation. *Id.* The regulation does not distinguish between drugs transported for personal use and those intended for resale. Likewise, that the marijuana was purchased in Colorado does not change the fact that marijuana is illegal under federal law and in federal airspace. *See* 21 U.S.C. § 844. Although Siegel characterizes the Board's decision as a failure to consider these factors, it is more accurate to say that he is simply unhappy with the result of the NTSB's consideration. We cannot remedy his discontent. Even if we agreed with Siegel's preferred analysis, we may not substitute our judgment for that of the agency when reviewing under the arbitrary and capricious standard. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 43 (1983).

Turning to Siegel's broader point, we disagree that the Board failed to adequately explain its reasoning when

revoking his certificate. We review agency decisions for a "satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (internal quotation marks omitted). The Acting Administrator stated in the Emergency Order of Revocation that "[c]ertificate holders who knowingly engage in the possession and transportation of a controlled substance by air have shown that the Agency cannot rely upon them to minimally comply with the regulatory requirements designed to ensure aviation safety with the highest degree of integrity." This is consistent with the FAA's published policy of revoking certifications for certain types of misconduct that reflect a lack of "care, judgment, and responsibility." *See* FAA Order 2150.3B at 7-21, 7-22. The NTSB explicitly relied on this FAA Order when reimposing the revocation. NTSB Order No. EA-5838 at *9. Under this published order, certain specific conduct warrants revocation: intentionally fraudulent statements, refusal to submit to an alcohol or drug test, and the use of an aircraft to knowingly transport controlled substances. *See* FAA Order 2150.3B at 7-22, 7-23.

While the FAA guidance and the NTSB could have been more explicit in articulating their precise rationale for revoking Siegel's certificate, the explanation provided is sufficient. Operating an aircraft is an inherently dangerous activity that implicates public safety. For this reason, Congress tightly regulates federal airspace and has created an agency with the primary purpose of ensuring safety in civil aviation. Given the potentially devastating results of unsafe air traffic, it was not unreasonable for the Acting Administrator to make a categorical determination that pilots who cannot be trusted to follow federal drug laws when operating aircraft do not demonstrate the "care, judgment, and responsibility" necessary to hold a certificate. We therefore

reject Siegel's argument that the FAA and the NTSB acted arbitrarily.

Siegel's second main argument is that the law does not support the sanction of revocation for simple possession of a controlled substance. The FAA revoked Siegel's license under its authority granted by 49 U.S.C. § 44709. Nevertheless, Siegel claims that the existence of a separate statutory provision, 49 U.S.C. § 44710, removes the FAA's discretion to impose a revocation for "simple possession." In relevant part, 49 U.S.C. § 44710 provides:

> **(b)(1)** The Administrator of the Federal Aviation Administration *shall* issue an order revoking an airman certificate issued an individual under section 44703 of this title after the individual is convicted, under a law of the United States or a State related to a controlled substance (except a law related to simple possession of a controlled substance), of an offense punishable by death or imprisonment for more than one year if the Administrator finds that—
>
>> **(A)** an aircraft was used to commit, or facilitate the commission of, the offense; and
>>
>> **(B)** the individual served as an airman, or was on the aircraft, in connection with committing, or facilitating the commission of, the offense.

(emphasis added). Siegel claims that the language of § 44710, coupled with its legislative history, reflects that Congress intended simple possession of a controlled substance to be insufficient to warrant revocation of a pilot certificate.

Siegel's argument entirely misses the mark. As the NTSB explained in several of its previous decisions, the passage of § 44710 did not limit the FAA's authority to revoke certificates under § 44709. *See, e.g.*, *Administrator v. Schlieve,* NTSB Order No. EA-5250, 2006 WL 2632087 (Sept. 11, 2006), at *1. A revocation under § 44710, which applies to felony drug crimes that involve the use of aircraft, is not discretionary. The word "shall" **requires** the FAA Administrator to revoke certificates under the circumstances described. § 44710(b)(1). Furthermore, a revocation under § 44710 is particularly severe; it applies for life. 49 U.S.C. § 44703(f). In contrast, pilots subject to a revocation under § 44709 may reapply for a new certificate after one year. 14 C.F.R. § 61.13(d)(2). It does not follow that Congress, by passing a law mandating lifetime certificate revocation for serious drug offenders, intended to remove the discretion of the FAA Administrator to regulate less serious drug offenses involving aircraft under § 44709. We therefore conclude the FAA retains authority to revoke a certificate for "simple possession" of a controlled substance on an aircraft under § 44709. Further, because the Government did not apply § 44710 in this case, Siegel's arguments concerning that provision—and his citation to other NTSB cases involving revocations under it—are inapposite.

## V.   Conclusion

The NTSB's order was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. We therefore deny Siegel's petition for review.